**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **L.S.**

**No. 22-739** (Randolph County 22-JA-01)

**MEMORANDUM DECISION**

Petitioner Father D.H.[1] appeals the Circuit Court of Randolph County's August 26, 2022, order terminating his parental rights to L.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January of 2022, the DHHR filed a petition alleging that the mother abused methamphetamine while pregnant with L.S. and attended only two prenatal doctor visits prior to his birth in early January of 2022. The DHHR noted the circumstances surrounding the prior involuntary termination of the mother's parental rights in 2020 to another child, in part, due to her substance abuse. The petition further alleged that the father of L.S. was unknown but that the mother named petitioner as L.S.'s father. The DHHR alleged that when the worker interviewed petitioner, he admitted struggling with a methamphetamine addiction but denied currently using drugs. At the time of the filing of the petition, petitioner was incarcerated for a drug possession charge and had two pending criminal charges for possession of a controlled substance from November and December of 2021. A June 2022 petition alleged that petitioner was the biological father of L.S., he produced three positive drug screens for methamphetamine while serving probation, and that petitioner and the mother abused substances together while she was pregnant with L.S. and continued to abuse substances after L.S.'s removal.

In June of 2022, petitioner filed a motion for a post-adjudicatory improvement period. That same month, petitioner stipulated to the allegations contained in the petitions, and the court adjudicated him as an "abusing and neglecting parent." Following the adjudicatory hearing, the DHHR filed a motion to terminate petitioner's parental rights to L.S.

---

[1]Petitioner appears by counsel G. Phillip Davis. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Melissa T. Roman appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The circuit court held a dispositional hearing in July of 2022, at which time it addressed the DHHR's prior motion to terminate petitioner's parental rights. Petitioner testified that he and the mother remained in a relationship despite being advised by the multidisciplinary team ("MDT") that L.S. could not be returned to a home where the mother resided given that her parental rights to L.S. were terminated in June of 2022. Although petitioner stated that he was willing to abide by the terms of an improvement period, the court found that petitioner failed to participate in the two previously scheduled MDT meetings and tested positive for illicit substances during the proceedings. The court further found that petitioner chose to remain in a relationship with the mother despite the termination of her parental rights and the resultant inability to reunify the family. As such, the court denied petitioner's motion for an improvement period, concluding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's best interests. Accordingly, the circuit court terminated petitioner's parental rights to L.S.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating his parental rights rather than implementing a less restrictive dispositional alternative such as an improvement period.

To obtain an improvement period under West Virginia Code § 49-4-610, the parent must first demonstrate that they are likely to fully participate in the terms of an improvement period. Here, the record shows that petitioner refused to leave the relationship with the mother even though he understood the consequences of that decision, i.e., that he could not be reunified with L.S. Petitioner also failed to address his substance abuse. A circuit court has the discretion to deny a motion for an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, based on petitioner's choice to remain with the mother rather than focus on reunifying with the child and address his substance addiction, we find that the circuit court did not err in denying petitioner's motion for an improvement period.

For the same reasons, we find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(d)(1) defines "no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected" to exist when "the abusing parent . . . ha[s] . . . habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the [parent]. . . ha[s] not responded to or followed through with recommended and appropriate treatment[.]" The record shows that petitioner exercised poor judgment regarding his continued relationship with the mother and failed to address his drug addiction, which overwhelmingly supported the circuit court's findings regarding termination. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's

---

[3]The mother's parental rights were terminated below. The permanency plan for L.S. is adoption by his foster family.

welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (citation omitted)).

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 26, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn